UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES STARLING HUSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-1602 JAR |
| ) | |
| ST. LOUIS COUNTY CIRCUIT COURT, ) | |
| DIVISION 19, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Plaintiff has no means to pay any portion of the filing fee. So, the filing fee is waived. *See* 28 U.S.C. § 1915(b)(4). Additionally, after consideration, this action is dismissed as frivolous.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against the St. Louis County Circuit Court and the Hon. Gloria C. Reno, Circuit Judge. In 2007, plaintiff pled guilty to stealing a motor vehicle and resisting arrest. He has served both prison time and probation as a result. He now alleges that there was no factual basis for his plea. He says he spent too long in confinement and on probation. And he says he has been forced to pay restitution as well. He seeks to amend the 2007 judgment to lesser charges and money damages.

**Discussion**

Plaintiff's complaint is legally frivolous as to Judge Reno because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Additionally, the complaint fails to state a claim against the Circuit Court because it cannot be sued under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit).

Finally, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of

2

habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because plaintiff challenges the validity of his judgment, this action is also barred by *Heck*. The only method for challenging a state criminal judgment in federal court is through a habeas action under 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 15th day of December, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE